## 34720. GUARANTEE TRUST LIFE INSURANCE COMPANY *v.* BAKER.

Decided September 18, 1953—Rehearing denied October 1, 1953.

*James F. Geeslin,* for plaintiff in error.

*Hicks & Culbert, John A. Frazier, Jr.,* contra.

FELTON, J. Paragraph 16 of the original petition alleges: "That proper demand and claim for payment was made by your petitioner upon defendant company, all in accordance with the terms of said policy, said claim and demand being denied by defendant." The defendant specially demurred to that paragraph as follows: "Defendant demurs specially to paragraph 16 of plaintiff's petition on the grounds that the statements therein constitute the conclusion of the pleader without facts to warrant said conclusions and plaintiff does not show who demands were made upon, the date of said demands, and the manner in which demands were made, and said paragraph should be stricken." Paragraph 18 of the original petition alleges: "That the said defendant refused and still refuses to pay the plaintiff for expenses incurred by her in the aforesaid operation, contrary to the terms of said contract of insurance." The defendant specially demurred to that paragraph as follows: "Defendant demurs specially to paragraph 18 of the plaintiff's petition on the grounds that the statements therein constitute the conclusion of the pleader without facts to warrant said conclusions and the plaintiff does not show the date of said refusal, who made said

refusal, if any were made, and said paragraph should be stricken." The court sustained the demurrers to the two paragraphs and gave the plaintiff leave to amend. The plaintiff amended paragraph 16 of her petition by striking same in its entirety and substituting in lieu thereof the following: "That proper demand and claim for payment was made after her first trip to the said McCall Hospital by your petitioner by the use of defendant's regular claim form, on or about the 18th day of March, 1951, the exact date being unknown to your petitioner due to the fact that she kept no copy of said claim, said claim having been mailed to defendant company by your petitioner, all in accordance with the terms of her said policy of insurance. Petitioner further alleges and says by way of amendment that her said claim was acknowledged by defendant company's letter of April 12, 1951, mailed from its Chicago, Illinois, address and signed by C. Babcock of its claim department, copy of which letter is hereto attached, marked for identification purposes as Exhibit 'B' and made a part of the original petition as hereby amended. Petitioner's claim and demand was denied and payment refused by defendant company by its letter of April 19, 1951, mailed from its Chicago, Illinois, address and signed by B. Brockway of its claim department, copy of said letter being hereto attached, marked for identification purposes as Exhibit 'C' and made a part of the original petition as hereby amended."

The plaintiff amended paragraph 18 of her petition by striking same in its entirety and substituting in lieu thereof the following: "That the defendant refused and still refuses to pay the plaintiff for expenses incurred by her in the aforesaid manner, all as set forth in paragraph sixteen of her petition, as amended herein, contrary to the terms of said contract of insurance. Petitioner further alleges and says by way of amendment that due to her having made demand and claim for payment after her first trip to the said McCall Hospital, and defendant's refusal to pay, all as set forth in amended paragraph sixteen, she deemed it useless and unnecessary to make further demand and claim for her subsequent trips to the said hospital."

Exhibit B attached to the petition by amendment is a letter from the defendant to the plaintiff, dated April 12, 1951, which acknowledges receipt of the plaintiff's "notice of disability."

This letter requested the plaintiff to submit to the defendant certain information concerning her hospitalization and assigned the plaintiff "Claim Number Ga 911." This letter does not contain or refer to any policy number.

Exhibit C attached to the petition by amendment is a letter from the defendant to the plaintiff, dated April 19, 1951. This letter contains the following reference: "Re: Claim No. GA-853, Policy No. AS-300132-GA-12th," and also contains the following sentence: "Our records indicate that your policy was issued to you on February 12th, 1951, . . ." The letter further states that the claim treated in the letter was disallowed because the illness for which that claim was filed existed prior to the effective date of the policy referred to in the letter, and was therefore expressly excluded from coverage under the policy by the terms of such policy.

The letter attached as Exhibit C is relied on by the plaintiff as showing a refusal to pay under the policy sued on. The policy sued on is numbered 26561-GA and was issued August 18, 1950. The letter attached as Exhibit C refuses payment under a policy numbered AS-300132-GA-12th, issued February 12, 1951. The letter attached to the petition as Exhibit B, relied on by the plaintiff as showing acknowledgment by the defendant of its receipt of her claim filed under the policy sued on, assigns the claim number "Ga 911." The claim treated in the letter attached as Exhibit C is numbered "GA-853."

We think it clearly appears that the letter attached as Exhibit C denies payment and liability under a policy entirely different from the one sued on. Nowhere else in the petition or the petition as amended does the plaintiff show a refusal, either express or implied, to pay under the policy sued on.

Having failed to show a refusal by the defendant to pay under the policy sued on, the petition as amended fails to allege a good cause of action, and the general demurrer thereto should have been sustained.

The court erred in overruling the general demurrer to the amended petition.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*